IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald L. Hollabaugh, | ) Civil Action No.: 9:14-1324-BHH |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Leroy Cartledge, Warden; Scott Lewis, Associate Warden of Operations; Officers John Doe and Officers Jane Doe, | ) |
| Defendants. | ) |

On April 11, 2014, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendants[1] violated his Eighth and Fourteenth Amendment rights while Plaintiff was an inmate at the McCormick Correctional Institution ("MCI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Bristow Marchant, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that both Plaintiff's and Defendants' motions for summary judgment with respect to Plaintiff's failure to protect claim be denied. He further recommends that Defendant's motion for summary judgment with respect to Plaintiff's retaliation claim be granted. (ECF No. 73.) Defendants filed timely objections to the Report. (ECF No. 75.) For the reasons set forth herein, the Court adopts the Report.

---

[1] Defendants William R. Byers, Robert E, Ward, Lieutenant Aiken, and Officer Harris were dismissed from this action after a stipulation of dismissal with prejudice was entered with respect to these parties. (ECF Nos. 66; 67.) Accordingly, the Court refers to Leroy Cartledge ("Cartledge"), Scott Lewis ("Lewis"), and Officers John Doe and Officers Jane Doe as "Defendants".

1

## BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this matter on April 11, 2014, alleging violations of his constitutional rights. (ECF No. 1.) Specifically, Plaintiff brings a § 1983 claim under the Eighth Amendment for "failure to protect" and a § 1983 claim under the Fourteenth Amendment for violation of his right to "substantive due process." (*Id.* at 8, 10.) On December 16, 2015, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 62.) Plaintiff moved for summary judgment on December 21, 2015. (ECF No. 63.) After consideration of the responses filed in opposition to the motions for summary judgment (ECF Nos. 68; 69) and Defendants' reply (ECF No. 72), the Magistrate Judge issued a Report recommending that the motions for summary judgment be denied with respect to the failure to protect claim and Defendants' motion for summary judgment be granted with respect to the retaliation claim. (ECF No. 73.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report

---

[2] As always, the Court says only what is necessary to address Defendants' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Defendants have objected to the Magistrate Judge's recommendation that (1) genuine issues of material fact preclude granting summary judgment on Plaintiff's failure to protect claim and (2) Defendants Cartledge and Lewis are not entitled to qualified immunity.

Respectfully, Defendants' objections are largely restatements of arguments made to, and rejected by, the Magistrate Judge. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). "Examining anew arguments already assessed in the report of a magistrate judge would waste judicial resources; parties must explain *why* the magistrate judge's report is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." *Hendrix*, 2013 WL 2407126, at *4. Absent proper objections, the district court must "'only

3

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

The Court has considered Defendants' objections *de novo* and finds them insufficient to reject the recommendations of the Magistrate Judge. In his thorough twenty-two page Report, the Magistrate Judge engaged in a thoughtful and comprehensive analysis of Plaintiff's claims. Relevant to Defendants' objections, the Magistrate Judge first found that there was "a genuine issue of fact as to whether the Defendants Cartledge and Lewis approved a policy that they knew subjected inmates to greater risk of intimidation and assault, thereby allowing an environment of violence and intimidation to occur and subjecting Plaintiff to an excessive risk to his health or safety." (ECF No. 73 at 16.) He therefore found summary judgment was improper on the failure to protect claim. *See Pruitt v. Moore*, No. 3:02-0395-24, 2003 WL 23851094, at *9 (D.S.C. July 7, 2003) ("Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim."); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to be found liable for deliberate indifference under the Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

To make this finding, the Magistrate Judge expressly relied on the following evidence: (1) that "Cartledge and Lewis both knew of and allowed a system to be put in place where inmate cells were unlocked during the course of the day with minimal

4

supervision and oversight . . ."; (2) the testimony of other inmates showing "that the implementation of the 'no-lock' system by the Defendants had created a very dangerous atmosphere for inmates, and that both Defendants knew of the inmates fears and complaints about how vulnerable the system had made them to attack, violence, and extortion"; and (3) Plaintiff's testimony that "he had personally complained to both Cartledge and Lewis about this situation and the danger it posed to inmates such as himself, but that neither Defendant took any corrective action." (*Id.* at 16–17.)

Here, Defendants object to the Magistrate Judge's analysis of the failure to protect claim, arguing that he: (1) considered Lewis's testimony "out of context"; (2) improperly relied on Plaintiff's exhibit showing the number of assaults and contraband violations at MCI from 2005 forward; and (3) erred in considering the opinions of other inmates on matters outside the scope of their personal knowledge. (ECF No. 75 at 3–6.) These objections are without merit.

First, the Magistrate Judge's account of the evidence in the record does not indicate that he misconstrued Lewis's deposition testimony. The Magistrate Judge engaged in an exhaustive account of the evidence in the record prior to discussing Plaintiff's failure to protect claim. He noted that "while Lewis conceded that there is a higher risk to employees and inmates when they are outside of a locked cell than when they are inside of a locked cell, when asked if he had noticed any increase or decrease in violent attacks within cells after [the administration implemented the new locking system], Lewis testified that he did not recollect it being any more one way than the other." (ECF No. 73 at 8–9.)

In arguing that the Magistrate Judge misconstrued Lewis' deposition testimony, Defendants point to the portion in which he was asked,

> Q: "But you agree that there's a higher risk to employees and inmates when they are outside of a locked cell than when they're inside of a locked cell, right?
>
> A: Okay. You can say that.

(ECF No. 75-1 at 3.)

Upon review, the Court does not find that the Magistrate Judge took Lewis' testimony "out of context." Further, there is no indication that the Magistrate Judge relied on this testimony to find that a genuine issue of material fact exists as to the failure to protect claim. Likewise, there is no indication that the Magistrate Judge relied on Plaintiff's exhibit regarding assaults and contraband violations at MCI to deny summary judgment. Again, the Magistrate Judge noted this exhibit only during his account of the evidence in the record. He merely acknowledged that "Plaintiff has [] submitted an exhibit showing the number of assaults and contraband (weapons) violations at MCI for various years dating back to 2005." (ECF No. 73 at 11.)

Finally, contrary to Defendants' assertion, the Magistrate Judge did not rely on testimony from the other inmates that fell outside of their personal knowledge, thereby requiring that the inmates be "qualified as experts." (ECF No. 75 at 5.) Under Fed. R. Evid. 701, a witness who is not testifying as an expert may express opinions or inferences that are (1) rationally based on the perceptions of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. The inmates' testimony relied on by the Magistrate Judge fits within these parameters.

As recounted by the Magistrate Judge, inmates Martin Bullock ("Bullock"), Carroll Mace ("Mace"), Dean Mattox ("Mattox"), and Leon Woodford ("Woodford") testified to how they were impacted by the cell security system at MCI. For example, Bullock testified that after the new deadbolt security system was implemented he had to nap with "one eye open[]" because the cell doors were not locked and inmates could come in and out of your cell at any time.[3] (ECF No. 63-4 at 1.) He also generally testified about how dangerous it was at MCI, with searches routinely turning up weapons that were seized from inmates. (*Id.* at 2–3.) Mace testified that the atmosphere at MCI was a "gladiator situation." (ECF No. 63-11 at 1.) Mattox testified that he personally witnessed robberies, thefts, and stabbings. (ECF No. 63-12 at 3–4.) Woodford testified that there was "a lot of gang activity" at MCI and that the inmates "felt that [they] were at risk." (ECF No. 63-16 at 1.)

In addition, inmate Jessie Edmond ("Edmond") testified to his belief that Lewis and Cartledge knew of the inmates' fears and complaints about the new cell security system. Specifically, Edmond testified that he heard other people complain to Cartledge and Lewis about how the lock system was not working and that everyone was "scared crapless." (ECF No. 63-7 at 6.) He also testified that he had spoken with Cartledge about gang activity and how gang members had access to people in their cells and were threatening both Edmond and others with "knives and stuff." (*Id.* at 9–11.)

Upon review, the Court finds there is no indication that the Magistrate Judge relied on anything other than the inmates' lay opinion testimony to find that such testimony

---

[3] The Magistrate Judge attributed this testimony to inmate Philip Brown. (ECF No. 73 at 11.) However, this was a scrivener's error, as inmate Bullock in fact made these statements. Defendants do not object to this error and the Court finds it to be harmless.

created a genuine issue of material fact on the failure to protect claim. Further, Defendants' assertion that the testimony of Mace and Woodford is irrelevant because they were not housed at MCI when the attack on Plaintiff occurred, is without merit. (ECF No. 75 at 5.) These inmates' testimony as to the dangerous environment at MCI is directly relevant to the issue of whether Lewis and Cartledge were aware of specific facts from which an inference could be drawn that Plaintiff was subject to a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837.

After finding the existence of a genuine issue of material fact on the failure to protect claim, the Magistrate Judge determined that Cartledge and Lewis were not entitled to qualified immunity on this claim. (ECF No. 73 at 20.) Defendants' objection here fails to point to any specific error by the Magistrate Judge. Rather, Defendants largely restate arguments made to, and rejected by, the Magistrate Judge. Defendants object that Cartledge and Lewis are entitled to qualified immunity because "Plaintiff fails to show that these Defendants violated any clearly established constitutional rights of which a reasonable official in their position should have been aware." (ECF No. 75 at 8.)

However, as correctly explained by the Magistrate Jude, "it was certainly clearly established during the time period at issue that even supervisory personnel can be subject to liability for having either direct knowledge of, or having created a policy or practice exercised by their subordinates, sufficient to create a situation from which an inference could be drawn that a substantial risk of harm existed and being deliberately or callously indifferent to that substantial risk of serious harm." (ECF No. 73 at 20.) The Magistrate Judge further correctly found that "Plaintiff's evidence is sufficient to create a

genuine issue of fact as to whether such a situation existed in this case." (*Id.* at 21.) Accordingly, Cartledge and Lewis are not entitled to qualified immunity on the failure to protect claim. Defendants' objection fails to establish any error in the Magistrate Judge's findings here and is therefore overruled.

For the reasons stated above, the Court finds that the Report properly disposes of the issues raised in the motions for summary judgment. Defendants' objections are therefore overruled. Whatever additional objections Defendants may mean, they are simply renewals of arguments considered, and properly rejected, in the Report.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court adopts the Report and Recommendation. It is, therefore, ORDERED that Defendants' Motion for Summary Judgment (ECF No. 62) is DENIED with respect to the failure to protect claim and GRANTED with respect to the retaliation claim. It is further ORDERD that Plaintiff's Motion for Summary Judgment (ECF No. 63) is DENIED. Plaintiff's failure to protect claim may proceed.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
May 16, 2016